In the Matter of ELMER HASLETT, Petitioner, against G. JOSEPH MINETTI, as Commissioner of the Department of Marine and Aviation of the City of New York, Respondent.

First Department, December 20, 1948.

*Nathan A. Lashin* of counsel (*Joseph E. Kinsley* and *Arthur E. Friedland* on the brief; *Joseph E. Kinsley* and *Nathan A. Lashin,* attorneys), for petitioner.

*Henry J. Shields* of counsel (*Seymour B. Quel* with him on the brief; *John P. McGrath, Corporation Counsel,* attorney), for respondent.

*Per Curiam.* Petitioner received a fair trial, in accordance with the requirements of section 22 of the Civil Service Law, at the hands of an impartial trial commissioner, whose findings and recommendations were approved by the respondent's predecessor in office. No error was committed in receiving the notice of " particularization of charges " in the course of the trial, since petitioner had ample opportunity thereafter to meet any change in the charges occasioned by that notice. It should be emphasized that petitioner was not charged with having accepted benefits from companies doing business with the city to influence his official action. He was charged with having violated the provisions of section 886 of the New York City Charter, which reads as follows: " § 886. *Officer or employee not to be interested in transactions with city.*— a. (1) No councilman or other officer or employee or person whose salary is payable in whole or in part from the city treasury shall be or become interested directly or indirectly in any manner whatsoever, except by operation of law, or act as attorney, agent, broker or employee for or accept any gift, loan or thing or promise of value from any person, firm or corporation interested directly or indirectly in any manner whatsoever, in or in the performance of or in any litigation arising out of or involving any contract, work or business or the sale or acquisition of any property, the expense, price or consideration of which is payable from the city treasury or by any assessment levied pursuant to law; or in the purchase, lease, rental or letting of, or grant of license or permit in relation to, any real or other property belonging to or taken by the city, or which shall be sold for taxes or assessments, or by virtue of legal process or any provision of law by or at the suit of the city.   *   *   *

" c. Any violation of any of the provisions of this section shall constitute cause for removal from office or employment."

There is substantial evidence in support of the charges of the violation of the foregoing section of the city charter, and the determination of the respondent should not be disturbed. It is

true that the petitioner was not familiar with the requirements of the charter provision above set forth; that to a considerable extent he advised responsible city officials of his outside activities; and that it was not shown, or even charged, that he profited at the expense of the city. But all these facts do not serve in law to condone a violation of the charter provision in question. It was enacted to prevent a possible conflict of interests. As was said in connection with a like statute: " It was to harmonize the obligation of duty, and the inclinations of self interest; to avoid the neglect or misconduct which a conflict between duty and interest would be apt to generate, and which could not fail, in the end, to increase the public expenditures and burdens, requiring for their satisfaction enhanced taxation. The policy is similar to that which courts of law and equity have, from a high sense of duty, imposed upon all persons acting in the capacity of trustees; and instead of being unreasonably restrained by construction, it should be liberally applied for the promotion of the end designed to be accomplished by its enactment." (*Mullaly* v. *Mayor,* 3 Hun 661, 665 [1st Dept.], affd. 62 N. Y. 636.)

The statutory prohibition is absolute and cannot be waived by the city. The penalty that was imposed in this case was severe, but that is not within our province to alter. It was a penalty that was specifically authorized by the statute.

The determination of the respondent should be confirmed.

PECK, P. J., GLENNON, COHN, VAN VOORHIS and SHIENTAG, JJ., concur.

Determination unanimously confirmed. [See 275 App. Div. 660.]